UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| 62-64 KENYON STREET, HARTFORD, LLC | : | CIVIL ACTION NO. |
| Plaintiff | : | |
| vs. | : | |
| CITY OF HARTFORD | : | |
| Defendants | : | December 12, 2018 |

## PETITION FOR REMOVAL

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT.**

The petitioner, City of Hartford respectfully petitions this Court as follows:

1. The petitioner is among the named defendants in a civil action, brought in the Superior Court of the State of Connecticut, Judicial District of Hartford in Hartford, bearing a return date of December 18, 2018. A copy of the Complaint is attached.

2. In said Complaint, the Plaintiff, 62-64 Kenyon Street, Hartford, LLC, alleges that its rights under the Fifth Amendment to the United States Constitution pursuant to 42 U.S.C. Section 1983 was violated by the Defendant.

3. The Summons and Complaint were served on the City of Hartford on November 16, 2018.

4. The Complaint invokes 42 U.S.C. §§ 1983 in support of the federal constitutional claims.

5. This petition is being filed pursuant to 28 U.S.C. §1446(b) within thirty (30) days of when the named Defendants were served on November 16, 2018, hence the time for filing this petition has not expired.

1

6.  This action is removable pursuant to 28 U.S.C. § 1441 (a), (b), and (c) and §1443 since it involves a federal question arising under the laws of the United States and its Constitution.

7.  Pursuant to 28 U.S.C. § 1446(d), the petitioner has on this date notified the Superior Court of the State of Connecticut of the filing of this petition. A copy of the Notice of Removal filed in the Superior Court is attached hereto.

WHEREFORE, pursuant to 28 U.S.C. §§ 1441 and 1446, the petitioner requests that this action be removed from the Superior Court of the State of Connecticut for the Judicial District of Hartford and henceforth proceed in this Court.

THE DEFENDANT:
CITY OF HARTFORD

By:___/s/ Lisa Silvestri___
Lisa Silvestri (ct05455)
Assistant Corporation Counsel
550 Main Street
Hartford, CT 06103
Telephone No (860) 757-9700
Facsimile (860) 722-8114
silvl001@hartford.gov

## **CERTIFICATION**

This is to hereby certify that on December 12, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Jared M. Alfin, Esq.
Hassett & George, P.C.
945 Hopemeadow Street
Simsbury, CT 06070

                                              /s/ Lisa Silvestri_____
                                              Lisa Silvestri

# SUMMONS - CIVIL

JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 95 Washington Street, Hartford, CT 06106 | ( 860 ) 548-2700 | December 18, 2018 |

| | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|
| ☒ Judicial District ☐ Housing Session  ☐ G.A. Number: | Hartford | Major: E   Minor: 90 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Hassett & George, P.C. 945 Hopmeadow Street, Simsbury, CT 06070 | 407894 |

| Telephone number (with area code) | Signature of Plaintiff (If self-represented) |
|---|---|
| ( 860 ) 651-1333 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes  ☐ No | Email address for delivery of papers under Section 10-13 (if agreed to) jalfin@hgesq.com |
|---|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: 62-64 Kenyon Street, Hartford, LLC<br>Address: 7868 E. Santa Catalina Drive, Scottsdale, AZ 85255 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: City of Hartford<br>Address: 550 Main Street, Hartford, CT 06103 | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left Jared M. Alfin, Esq. | Date signed 11/15/2018 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

A TRUE COPY ATTEST
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

| | |
|---|---|
| RETURN DATE: DECEMBER 18, 2018 | SUPERIOR COURT |
| 62-64 KENYON STREET, HARTFORD, LLC | J.D. OF HARTFORD |
| V. | AT HARTFORD |
| CITY OF HARTFORD | NOVEMBER 15, 2018 |

## COMPLAINT

**COUNT ONE:** Inverse condemnation or regulatory taking in violation of Art. 1, Sec. 11 of Connecticut Constitution

1. Plaintiff 62-64 Kenyon Street Hartford, LLC (the "Plaintiff" or "Rooming House," unless noted otherwise) is a Connecticut limited liability company. Plaintiff had operated a rooming house business at 62-64 Kenyon Street, Hartford, Connecticut (the "Property," unless noted otherwise), which was located in Residential Zone 7.

2. Paul Rosow is the sole Manager of 62-64 Kenyon Street Hartford, LLC and resides in Scottsdale, Arizona.

3. From 1985 to 2014, Mr. Rosow resided in Hartford, Connecticut, but has never lived at the Rooming House.

4. Defendant City of Hartford ("City" or "City of Hartford," unless noted otherwise) is a municipality organized under the laws of the State of Connecticut.

5.  Since 1960, and at all times pertinent to this lawsuit, the Rooming House operated by Plaintiff has been a licensed rooming house, available to members of the public, based on its compliance with Connecticut law.

6.  Pursuant to Article VII, Section 18-161 of the City of Hartford Municipal Code, a rooming house is defined as "any residential structure, the principal use of which is to provide lodging, but not meals, for compensation, by pre-arrangement for definite periods, for three or more persons. A rooming house is to be distinguished from a boarding house, hotel, motel, group home, shelter, or rehabilitation home."

7.  Upon information and belief, according to the City of Hartford and pursuant to C.G.S §8-2, the Rooming House is a pre-existing non-conforming use, which was grandfathered into Hartford Residential Zone 7 and can go on indefinitely as a nonconforming use until the owner either says it is abandoned as a use or until the owner changes the use to something else. Based on the layout of the rooms and floor plan, the only viable use of the Property is a Rooming House, as it has been operated for over 50 years.

8.  On or about 1986, Mr. Rosow purchased the Rooming House, 62-64 Kenyon Street, Hartford, Connecticut, and appointed an agent to reside there in compliance with the City of Hartford Municipal Code applicable to rooming houses. Mr. Rosow subsequently transferred the rooming house to the Plaintiff LLC. The designated agent changed from time

to time, and a vast majority of the Rooming House occupants are, and have predominantly been low income minorities.

9. Upon information and belief, since at least 2011 (and perhaps earlier), certain members of a certain unincorporated group, known as the West End Civic Association ("WECA")[1], engaged in a repeated pattern of making complaints to the City of Hartford that the Rooming House was in violation of the ordinance applicable to rooming houses in order to persuade the City of Hartford to suspend or deny the Plaintiff's Rooming House license and to eliminate low-income, minorities in need of short term housing from residing in their neighborhood.

10. Upon information and belief, other City of Hartford employees and/or officials (including politicians) substantially assisted WECA against the Plaintiff.

11. Upon information and belief, in the summer of 2014, and perhaps before then, WECA conspired with employees and/or officials of the City of Hartford to maliciously, in bad faith and with ill-will, shut down the Plaintiff's Rooming House.

12. Upon information and belief, in 2014, the City tried to suspend the Rooming House's license through two procedurally improper and malicious surprise inspections; the housing inspectors for the City, including the former Director of Licenses and Inspections at

---

[1] WECA is comprised of individuals that reside in the same neighborhood as the Rooming House, located in the west end of the City of Hartford.

3

the time, believed that the City was singling out the Plaintiff's Rooming House, as compared to other rooming houses.

13. Upon information and belief, the Chief Operating Officer for the City of Hartford also condemned the City's conduct and unfair treatment of the Plaintiff: "It is not common practice, nor standard procedure, to photocopy any occupants in the field. That should be a part of the application process for ALL Rooming House owners. I will not, under any circumstances, be a party to unfair treatment and single out one owner based on the neighbors' complaints to our office regarding Police matters… I will not participate in any frivolous activity that can result in a harassment lawsuit against this Division based on the neighbors' hearsay…"

14. Despite such improper efforts, the City issued a license to the Rooming House for the 2015 calendar year because the City could not legally justify a basis to deny it.

15. Upon information and belief, Corporation Counsel for the City of Hartford, concluded that C.G.S. §8-2 "makes the Rooming House's non-conforming use permanent and changing such a basic point of Connecticut property law would, raise both major legal questions in the takings area and even more major political storm."

16. Upon information and belief, Corporation Counsel for the City of Hartford further stated that "what's prohibited is changing the use that is allowed, not the regulatory

4

conditions on that use so long as they are reasonable and not a subterfuge for eliminating the use."

17. Rather than try to change the zoning laws and create a "major political storm," WECA inquired whether it could change the rooming house ordinance to require the owner of the Rooming House in the west end of Hartford to permanently reside there, among other things.

18. Upon information and belief, the true intent of the owner-occupancy requirement was clearly a "subterfuge" for eliminating the Rooming House because WECA and the City knew that Mr. Rosow resided in a single-family home in Hartford on Scarborough Street and, acting as the sole manager of the Plaintiff, operated the Rooming House as a business. The former Director of Licensing and Inspections, Daniel Loos, confirmed the City's bad faith intent after the fact. Indeed, the City and WECA knew that the owner-occupancy requirement would require Mr. Rosow to move from his personal residence and to reside in the Rooming House; Mr. Rosow's failure and/or inability to move into the Rooming House would force Plaintiff to abandon the use of the property as a rooming house in the neighborhood. In addition, WECA and the City knew that the Plaintiff was in the process of selling the Rooming House, and they wanted to put an end to the Rooming House's lawful existence.

19. Upon information and belief, on or about May 13, 2015, the City's Corporation Counsel revised the rooming house ordinance to include an owner occupancy requirement at the request of the WECA and/or its members.

20. Upon information and belief, on May 15, 2015, two members of WECA made additional revisions to the proposed ordinance and submitted it to the City of Hartford.

21. Upon information and belief, after finalizing the changes to the rooming house ordinance and to WECA's satisfaction, Hartford's Corporation Counsel submitted it to the Hartford City Council President to gain advice as to "how to gather sponsors."

22. Upon information and belief, to cover their tracks to give the ordinance the appearance that it is not a subterfuge to eliminate the Rooming House, which is exactly what it was, members of WECA drafted a memorandum to Corporation Counsel for the City Hartford, which sought to justify their rationale for the owner-occupancy requirement for rooming houses (the "Memo").

23. Upon information and belief, on or about July 13, 2015, the City of Hartford enacted an ordinance amending Chapter 18, Article VII, Section 18-164 of the City of Hartford Municipal Code relating to rooming houses (the "Ordinance"), which selectively targets the Rooming House.

24. Section 18-164 of the Ordinance provides:

> The licensee who obtains a license under this Article shall reside in the rooming house. **In the R-6, R-7, and R-8 zoning districts, no license or license renewal shall be issued to a licensee who is not the owner or majority owner of the property.** A licensee who is not the owner of the real shall have a valid power of attorney from the owner, not more than one (1) year old, which gives the licensee authority to do all things necessary to manage and operate the rooming house, including, without limitation, to collect, deposit and spend the rents from roomers, to pay bills, to make repairs, to correct violations, and to allow inspections of the premises.

25. The amendments to the ordinance were passed by the Hartford City Council, and there is no mechanism within the City of Hartford government for the Plaintiff to appeal or overturn the council's decisions.

26. Upon information and belief, on or about October 2015, the Director of Licenses and Inspections and/or Corporation Counsel for the City of Hartford, told Mr. Rosow that the Ordinance provides that the Plaintiff shall not be permitted to obtain a rooming house license after the current license expires, unless Mr. Rosow physically resides at the Rooming House; rooming houses that are not located in zones R-6, R-7 or R-8 are not required to comply with the owner/majority owner occupancy requirement.

27. Prior to the passing of the amended Ordinance, and despite efforts by the City, in conjunction with WECA, to deter or interfere with the advertising of the Rooming House for

7

sale, the Plaintiff had secured a buyer to purchase and operate the Rooming House in the same manner as the Plaintiff. The parties negotiated a sales price of approximately $375,000.

28. As a result of the addition of a residency requirement to the Ordinance, the prospective sale was terminated by the buyers, which has proximately caused the Plaintiff to suffer damages.

29. There was no rational or legitimate reason to have a different rooming house licensing requirement for residential zones R-6, R-7 and R-8, as compared to other rooming houses that are located in substantially similar and/or roughly equivalent residential neighborhoods in the City of Hartford, especially since the former Director of Licensing and Inspections for the City stated (after the fact) that other rooming houses in the City receive equal or more complaints than the Rooming House.

30. Upon information and belief, the Ordinance goes far beyond any legitimate governmental purpose in regulating and targeting only one of several rooming houses in the City of Hartford in residential neighborhoods.

31. The Ordinance eliminated the Plaintiff's right to conduct its Rooming House business in the west end of Hartford as it has done for decades.

Hassett & George, P.C.   945 Hopmeadow Street, Simsbury, CT  06070
(860) 651-1333  Fax (860) 651-1888  Juris No. 407894

32. Rooming houses in other similar or roughly equivalent residential neighborhoods that are owned by business entities (i.e., LLC's or corporations) are not affected by the Ordinance, based on the City's malicious and bad faith design, and exercise of power.

33. Section 18-164 of the Ordinance is unconstitutional on its face and as applied to the Rooming House, as it constitutes an unfair taking of the Plaintiff's Rooming House license/property in violation of Article 1, Section 11 of the Connecticut Constitution.

34. The Plaintiff sold the Rooming House at a price substantially less than what it would have obtained prior to the passage of the changes to the ordinance.

35. The Ordinance as amended impermissibly infringed on the Plaintiff's reasonable investment-backed expectations of use and enjoyment of the Property so as to constitute a taking as the business cannot be operated as it has been for over 50 years.

36. The Ordinance as amended did nothing to prevent any public harm, nor was it applied equally to all similarly situated rooming houses in the City, by design.

37. The Ordinance as amended did not provide the Plaintiff any options to mitigate or avoid its damages.

38. The City's actions, with respect to the Rooming House have been arbitrary, confiscatory, or in abuse of its discretion and Plaintiff has been prevented from making any

reasonable use of the Rooming House, especially since it is unclear how a limited liability company can "reside" at the Rooming House and Mr. Rosow lives in Arizona.

39. The enactment of the Ordinance further constituted a substantial interference with private property which destroyed and/or nullified its value and/or the Plaintiff's right to its use or enjoyment has been in a substantial degree abridged and/or destroyed. Therefore, the economic utilization of the Property for all practical purposes was destroyed.

40. Despite repeated requests by Plaintiff, the City refused to modify the Ordinance and there is no administrative appeal process, and any such appeal, would have been futile, as the City dug in its heels in furtherance of supporting WECA, with whom it conspired with in regards to adopting the owner occupancy requirement in the Ordinance.

41. The Plaintiff has suffered monetary damages, including attorney's fees and/or irreparable harm as a direct result of the City's act described above.

**COUNT TWO:** **Inverse condemnation or regulatory taking of land in violation of 42 U.S.C. § 1983**

1-41. Plaintiff re-alleges paragraphs 1-41 of Count One into Paragraphs 1-41 of Count Two as if more fully set forth.

42. Based on the foregoing, the City's conduct constitutes an inverse condemnation or regulatory taking of land in violation of 42 U.S.C. §1983.

Hassett & George, P.C.   945 Hopmeadow Street, Simsbury, CT  06070
(860) 651-1333  Fax (860) 651-1888  Juris No. 407894

**COUNT THREE:**     **Violation of the Fifth Amendment to the United States Constitution**

1-41.    Plaintiff re-alleges paragraphs 1-41 of Count One into Paragraphs 1-41 of Count Three as if more fully set forth.

42.    Based on the foregoing, the City's conduct constitutes an inverse condemnation or regulatory taking in violation of the Fifth Amendment to the United States Constitution.

**WHEREFORE,** Plaintiff requests the Judgment and Decree of this Court as follows:

a. Monetary damages.

b. An award of attorney's fees.

c. Relief pursuant to C.G.S. §48-17b.

c. Costs.

e. An award of punitive damages.

f. Any such other and further relief as the Court may deem just, fair and equitable.

                                            **THE PLAINTIFF,**

By: _____
Jared M. Alfin, Esq.
Hassett & George, P.C.
945 Hopmeadow Street
Simsbury, CT 06070
Telephone No.: (860) 651-1333
Facsimile No.: (860) 651-1888
jalfin@hgesq.com

A TRUE COPY ATTEST
[signature]
CONNECTICUT STATE MARSHAL
IN DEPUTY JEFFERSON

| | | |
|---|---|---|
| RETURN DATE: DECEMBER 18, 2018 | : | SUPERIOR COURT |
| | : | |
| 62-64 KENYON STREET, HARTFORD, LLC | : | J.D. OF HARTFORD |
| | : | |
| V. | : | AT HARTFORD |
| | : | |
| CITY OF HARTFORD | : | NOVEMBER 15, 2018 |

**STATEMENT RE: AMOUNT IN DEMAND**

The Plaintiffs claim that the amount in demand is in excess of Fifteen Thousand ($15,000.00) dollars.

**THE PLAINTIFF,**

By: _____
Jared M. Alfin, Esq.
Hassett & George, P.C.
945 Hopmeadow Street
Simsbury, CT 06070
Telephone No.: (860) 651-1333
Facsimile No.: (860) 651-1888
jalfin@hgesq.com

A TRUE COPY ATTEST
[signature]
CONNECTICUT STATE MARSHAL
IN DIFFERENT PERSON